# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-4124-DEO |
| vs. | **DETENTION ORDER** |
| BRENT KELEHER, | |
| Defendant. | |

This matter came on for detention hearing on December 12, 2005. The plaintiff (the "Government") was represented by Assistant U.S. Attorney John Lammers. The defendant Brent Keleher appeared in person with his attorney, Shelley Horak. The Government offered the testimony of Task Force Officer Dane Wagner.

The court must determine whether any condition or combination of conditions will reasonably assure Keleher's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Keleher as required and the safety of the community if the court finds there is probable cause to believe Keleher committed an offense for which

a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Keleher. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Keleher has been responsible for introducing others to the use of intravenous methamphetamine. On this record, the evidence suggests he may have pressured others, at the least, and forced others, at worst, to use methamphetamine with him. The evidence further indicates Keleher has attempted to continue his involvement in drug dealings since his incarceration. Keleher offered no evidence whatsoever, even in the form of proffer, to rebut the presumption that he would be a danger to the community if released, and the court finds the Government has proved by clear and convincing evidence that Keleher would be a danger to the community if released. Therefore, the court finds the following:

1. Keleher is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Keleher reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Keleher to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Keleher must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 12th day of December, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT