# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRENT KELEHER,<br><br>　　　　Defendant. | No. CR05-4124-DEO<br><br>**REPORT AND RECOMMNEDATION<br>ON PETITION TO REVOKE<br>SUPERVISED RELEASE** |

　　　　This case is before me on a petition (Doc. No. 84)[1] to revoke defendant Brent Keleher's supervised release filed on December 12, 2012. The Honorable Donald E. O'Brien referred this matter to me for the issuance of a report and recommended disposition (Doc. No. 93). I held a hearing on December 18, 2012. Plaintiff (the Government) was represented by Assistant United States Attorney Jack Lammers. Keleher appeared in person with his attorney, Assistant Federal Public Defender Max Wolson. United States Probation Officer Nick O'Brien was also present. Neither party offered the testimony of any witnesses.

## *I. BACKGROUND*

　　　　On October 24, 2006, Keleher was sentenced to 70 months of incarceration and four years of supervised release after pleading guilty to a charge of conspiracy to distribute 50 grams or more of methamphetamine mixture. Doc. No. 69. After completing his federal prison term, Keleher began serving his term of supervised release (TSR) on March 5, 2010.

---

[1] A Supplemental and Substituted Petition (Doc. No. 95) was filed on December 18, 2012. Neither party objected to using the supplemental petition as the final version in this matter.

The petition to revoke Keleher's TSR itemizes eight alleged violations beginning on November 6, 2012. Keleher admits all eight. They include failure to report change in employment, use of a controlled substance on multiple occasions (including six occasions between November and December 2012), failure to comply with drug testing, failure to truthfully answer inquiries and failure to maintain employment.

Keleher's TSR has previously been modified twice. On November 8, 2012, it was modified to require that he serve two consecutive weekends in jail, undergo an updated substance abuse assessment, participate in recommended substance abuse treatment and actively job seek. On November 20, 2012, Keleher signed a waiver of hearing to include an additional weekend in jail. This modification was approved by Judge O'Brien on November 21, 2012. Since fulfilling the latest modification, a drug test has come back presumptive positive for amphetamines and Keleher has admitted to use of methamphetamine during another drug screen.

## II. ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Keleher admitted to all violations alleged in the supplemental and substituted petition. Accordingly, I find by a preponderance of the evidence that Keleher violated the terms and conditions of his supervised release. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether Keleher's term of supervised release should be terminated, extended, modified, or revoked. Although I

am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed –
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> . . . .
>>
>> (4) the kinds of sentence and the sentencing range established for –
>>
>> . . . .
>>
>>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>>
>> (5) any pertinent policy statement –

3

> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)). After considering these factors, I may terminate, extend, revoke, or modify the term of supervised release as set forth in § 3583(e). Revocation is mandatory in this case pursuant to 18 U.S.C. § 3583(g) because Keleher's admitted violations include testing positive for illegal controlled substances more than three times over the course of one year.

Probation recommends that Keleher's term of supervised release be revoked, that Keleher be sentenced to time served and that the existing terms of his TSR be re-imposed and modified with the following additional terms:

> (a) Inpatient treatment for substance abuse at Synergy Center in Cherokee, Iowa, upon the next available opening. It is anticipated an opening will be available on January 7, 2013, if not sooner.
>
> (b) Following treatment, Keleher must reside in a Residential Reentry Center (RRC) for a period of up to 120 days. He must report to the RRC at a time and date to be determined by the Bureau of Prisons, the RRC and the U.S. Probation Office.
>
> (c) While placement is pending at a RRC, Keleher will be placed on home detention with electronic monitoring.

At the hearing, neither party objected to the recommendation. I will consider the recommendation in light of the factors set forth in 18 U.S.C. § 3553(a).

## A. *Nature and circumstances of offense, and Keleher's history and characteristics*

Keleher's original offense was conspiracy to distribute 50 grams or more of methamphetamine mixture. The nature of the offense and the length of Keleher's federal sentence indicate that the crime was serious.

Keleher seems to have relapsed back into substance abuse. He was placed at a RRC through the Bureau of Prisons on September 9, 2009, and was not required to participate in substance abuse treatment at that time. He transferred to the home confinement portion of the RRC on October 27, 2009, and resided with his mother. During this time, Keleher maintained employment. He was released from RRC home confinement and BOP custody on March 10, 2010, and while being supervised, he participated in a substance abuse evaluation at Jackson Recovery Centers in Sioux City, Iowa. He enrolled in recommended substance abuse sessions and successfully completed the program at Jackson Recovery Center.

In August 2010, Keleher's father passed away. His probation officer reported Keleher had established a close relationship with his father upon release from prison and that despite the difficulties from that loss, Keleher continued to comply with the conditions of his supervised release. In June 2012, Keleher was terminated from his job. He found work again for the month of October 2012, but was also terminated from that job. He began testing positive for methamphetamine in November 2012. He began attending substance abuse treatment sessions again and working out of a substance abuse journal for relapse prevention. Keleher has continued to test positive for methamphetamine since he began these sessions with the most recent admitted use on December 11, 2012.

*B.     Deterrence of criminal conduct*

Any modification of supervised release imposed on Keleher must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Although many of the violations here constitute the most serious grade of violation and the guideline range of imprisonment for these violations of supervised release is 6 to 12 months, I find that imprisonment beyond time served is not necessary to deter further criminal conduct by Keleher. Rather, I find that the recommendation of inpatient treatment followed by placement in a RRC will provide a sufficient deterrent.

*C.     Protection of the Public from Further Crimes*

Any modification of Keleher's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). Keleher is not accused of committing further crimes while on supervised release. I find that a sentence of time served, along with inpatient treatment and placement in a RRC, is sufficient to protect the public from further crimes.

*D.     Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Probation recommends that should Keleher be placed on home confinement with electronic monitoring while waiting for placement in a RRC, he should be allowed leave to job seek in addition to attending treatment and drug screening appointments. I find this to be a reasonable exception to this modification provision.

*E.     Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Keleher's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Keleher's violations is a

Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision."  Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision."  U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).  Based on his Criminal History Category of IV, Keleher's recommended range of imprisonment pursuant to the Sentencing Guidelines is 6 to 12 months, with a maximum statutory imprisonment of three years.  *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3).

### F.     *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"  18 U.S.C. § 3553(a)(6).  I find it will not.

### G.     *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory.  There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)).  Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission.  *Id.* at 739;

*accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Keleher's TSR be revoked and that he be sentenced to time served. I further recommend that the terms of Keleher's TSR be re-imposed and that they be modified to include:

> (a) Inpatient treatment for substance abuse at Synergy Center in Cherokee, Iowa, upon the next available opening. It is anticipated an opening will be available on January 7, 2013, if not sooner.
>
> (b) Following treatment, Keleher must reside in a Residential Reentry Center (RRC) for a period of up to 120 days. He must report to the RRC at a time and date to be determined by the Bureau of Prisons, the RRC and the U.S. Probation Office.
>
> (c) While placement is pending at a RRC, Keleher will be placed on home detention with electronic monitoring.

In light of the foregoing, I find that revocation with a sentence of time served, along with the modifications described above, will further the goals of deterrence and incapacitation, reflects the seriousness of Keleher's conduct, and provides just punishment for such conduct. Such a sentence is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## III. CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED that the Government's motion to revoke Keleher's supervised release be **granted**, that Keleher be sentenced to time served, and that the existing terms of Keleher's TSR be re-imposed and modified consistent with the above report.[2]

Objections[3] must be filed **by January 2, 2013**. Responses to objections must be filed **by January 16, 2013**. However, I urge the parties to file any objections and responses as soon as possible to allow Judge O'Brien to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 19th day of December, 2012.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), I ordered Keleher to be detained after the December 18, 2012, hearing. Unless Judge O'Brien orders otherwise, he will be detained until an opening is available at Synergy Center in Cherokee, Iowa.

[3] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.